## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CRAIG MYLES** | * | |
| **Individually and as Parent and Next** | | |
| **Friend of K.M. and A.M., minors,** | * | |
| | | |
| **Plaintiffs** | * | |
| | | |
| **v.** | * | **CIVIL NO. JKB-15-300** |
| | | |
| **RENT-A-CENTER, INC.,** *et al.* | * | |
| | | |
| | * | |
| **Defendants** | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM

This action was brought by Craig Myles, individually and as parent and next friend of K.M. and A.M. ("Plaintiffs") against Rent-A-Center, Inc. and Rent-A-Center East, Inc. (collectively named "Defendants") alleging negligence (Count I), breach of warranty (Count II), violations of the Maryland Consumer Protection Act ("MCPA") (Count III), and fraud (Count IV), and seeking compensatory and punitive damages.  (ECF No. 3.)  Now pending before the Court is Defendants' motion to dismiss Counts III and IV of Plaintiffs' complaint, as well as Plaintiffs' request for punitive damages, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12.)  The issues have been briefed (ECF Nos. 12, 14, and 15), and no hearing is required, Local Rule 105.6.  For the reasons explained below, Defendants' motion to dismiss will be DENIED.

## I.  *Background*[1]

Defendants own and operate a chain of retail stores that provide furniture through rental-purchase agreements; consumers make regular rental payments and can acquire ownership of the

---

[1] The facts are recited here as alleged by the Plaintiffs, this being a motion to dismiss.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

furniture at the conclusion of a set rental period.  (ECF No. 3 ¶ 3.)  Defendants also provide a home delivery service for rented furniture.  (*Id.*)

On November 4, 2014, Mr. Myles entered into a rental-purchase agreement with Defendants for a used couch.  (*Id.* ¶¶ 4, 6.)  The couch was delivered to Plaintiffs' home on November 8.  (*Id.* ¶ 7.)  Within hours, Mr. Myles "observed live bugs crawling on the Couch." (*Id.* ¶ 9.)  After some quick research, Mr. Myles concluded that the couch was infested with bed bugs.  (*Id.* ¶ 10.)  Plaintiffs had never before experience bed bugs in their home.  (*Id.*)

Two different exterminators inspected Plaintiffs' home and discovered evidence of bed bugs inside the couch.  (*Id.* ¶¶ 14, 16.)  One of the exterminators concluded "that the bed bugs in the Apartment came from the Couch."  (*Id.* ¶ 16.)  Defendants, however, would not cover the cost of exterminators unless Plaintiffs would first agree to release Defendants from all liability. (*Id.* ¶¶ 19, 23-24.)  Defendants also refused to retrieve the infested couch.  (*Id.* ¶ 20.)

On December 24, 2014, Plaintiffs filed this lawsuit in the Circuit Court for Baltimore County.  (ECF No. 3.)  The case was removed to this Court on February 3, 2015.  (ECF No. 1.) On February 10, Defendants filed the now pending motion to dismiss Plaintiffs' claims alleging a violation of the MCPA (Count III) and fraud (Count IV), as well as to dismiss Plaintiffs' request for punitive damages.  (ECF No. 12.)  Plaintiffs filed their response in opposition on February 27 (ECF No. 14), and Defendants filed their reply on March 6 (ECF No. 15).

## II.  *Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  An inference of a mere possibility of

misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

Additionally, under Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud . . . ."  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  *Id*.  The "circumstances constituting fraud" include time, place, and contents of the fraudulent representation, the identity of the person making the representation, and what that person obtained.  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999).

### III.  Analysis

Plaintiffs' complaint states a facially plausible claim under the MCPA (Count III) and for fraud (Count IV).  Likewise, Plaintiffs' request for punitive damages is adequate.  All three issues implicate the same question: whether Plaintiffs have sufficiently pleaded fraud.  For that reason, the Court begins its analysis with an assessment of Plaintiffs' fraud claim.

In Maryland, a fraud claim "must show that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the

misrepresentation." *Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005).  As a fraud claim, a plaintiff must also plead the circumstances of the false misrepresentation with particularity, pursuant to Rule 9(b).  Defendants contend that Plaintiffs have failed to satisfy Rule 9(b)'s heightened pleading standard, and have failed to allege sufficient facts to satisfy the first three elements of fraud.  (*See* ECF No. 12 at 4-7.)

First, Plaintiffs plausibly allege that Defendants made false representations (Fraud Element #1) about the quality of the couch, and do so with sufficient particularity to satisfy Rule 9(b).  Defendants allegedly "represented that the Couch was of good quality, merchantable and fit for its ordinary and intended use," when in fact the couch was infested with bed bugs.  (ECF No. 3 ¶¶ 88-89.)  Plaintiffs allege that Defendants made these false representations on November 4, 2014, at Defendants' retail store "located at 6869 Loch Raven Boulevard, Towson, MD 21286 . . . ."  (*Id.* ¶¶ 4 and 6.)  Plaintiffs complaint identifies the time, place, and contents of the alleged false representation, and thus is sufficiently particular to satisfy the purposes of Rule 9(b).  *See Harrison*, 176 F.3d at 783-84.  Defendants are on notice about the particular incident that gives rise to Plaintiffs' fraud claim, the Court is satisfied that Plaintiffs' claims are not frivolous, and Plaintiffs have demonstrated that they are in possession of substantial prediscovery evidence.  *Id.*  And while Plaintiffs do not name the specific store representative who stated that the couch was of good quality, the Court has previously held and now reaffirms that "where a misrepresentation is attributed to a corporate defendant, the Plaintiff does not necessarily have to identify the individual agent who made the alleged false statement."  *Mayor & City Council of Baltimore v. Unisys Corp.*, Civ. No. 12-614, 2012 WL 3561850, at *6 (D. Md. Aug. 16, 2012).

Second, Plaintiffs plausibly allege knowledge of falsity (Fraud Element #2).  Plaintiffs claim that Defendants knew or willfully refused to know that the couch was infested at the time they represented that the couch was of good quality.  (ECF No. 3 ¶¶ 89-90.)  The Court can

reasonably infer that Defendants possessed the requisite knowledge of falsity on November 4—the day of the alleged false representation—because the couch was found to be infested only four days later when it was delivered.   (*See id.* ¶ 11.)   Third, Plaintiffs plausibly allege that Defendants falsely represented the quality of the couch with an intent to defraud (Fraud Element #3), "[i]n order to induce [Plaintiffs] to apply for and accept a Rental-Purchase Agreement for the Couch . . . ."   (*Id.* ¶ 88.)   These allegations pass muster, and Plaintiffs' claim for fraud will survive Defendants' motion to dismiss.[2]

Plaintiffs' claim alleging a violation of the MCPA (Count III) survives for the same reasons.   The MCPA states that "[a] person may not engage in any unfair or deceptive trade practice . . . ."  Md. Code Ann., Com. Law § 13-303 (LexisNexis 2013).   A consumer may bring a private action for violations of the MCPA pursuant to § 13-408.   To survive a motion to dismiss, "a consumer . . . must allege (1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury."  *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012).   Defendants challenge only the first element; they contend that Plaintiffs' MCPA claim should be dismissed because Plaintiffs have failed to plausibly allege an unfair or deceptive practice or misrepresentation.   (ECF No. 12-1 at 3-4.)   Section 13-301 of the MCPA lists qualifying unlawful activities, including any "[d]eception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same . . . ."  Com. Law § 13-301(9).   This specific subsection of the MCPA "replicates common-law fraud."  *McCormick v. Medtronic, Inc.*, 101 A. 3d 467, 493 (Md. Ct. Spec. App. 2014).   Therefore, Plaintiffs have adequately alleged a violation

---

[2] Because Plaintiffs' fraud claim will survive, the Court need not separately consider or address Plaintiffs' theory of fraudulent concealment at this time.

of the MCPA for the same reasons that Plaintiffs have adequately alleged a claim for fraud, as discussed *supra*.[3] Defendants' motion to dismiss Plaintiffs' MCPA claim will be denied.

Finally, Plaintiffs' request for punitive damages will survive Defendants' motion to dismiss.   In Maryland, punitive damages may only be awarded where "the plaintiff has established the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, *i.e.*, 'actual malice'."   *Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1125 (Md. 1995). Here, having already found that Plaintiffs plausibly allege the elements of fraud, Defendants' alleged "actual knowledge of falsity, coupled with [its alleged] intent to deceive [Plaintiffs] by means of the false statement, constitutes the actual malice required to support an award of punitive damages."   *Id.* at 1126.   Thus, Defendants' motion to dismiss Plaintiffs' request for punitive damages will be denied.

## IV. Conclusion

Accordingly, an order will issue DENYING Defendants' motion to dismiss (ECF No. 12).

DATED this _7th_ day of July, 2015.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge

---

[3] Because Plaintiffs' MCPA claim will survive, the Court need not separately consider or address whether Plaintiffs allege sufficient facts to support a claim under the statute's other qualifying unlawful activities. *See, e.g.*, Com. Law § 13-301(2)(iv), (3).  The merits of such claims may be addressed at a later time.